CIURÓ, PLAINTIFF AND RESPONDENT, v. CIURÓ, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an
action of debt.

MOTION of respondent for the dismissal of the appeal.

No. ——.—Decided December 23, 1913.

APPEAL—DISMISSAL OF APPEAL—TRANSCRIPT OF RECORD—EXTENSIONS OF TIME.—
The respondent asked the trial court for an extension of time of 30 days
in which to file the statement of the case. The appellant agreed that he
be granted 15 days and, according to the journal, the court granted him
10 days. Subsequently, within the 15 days agreed to by the appellant, but
after the expiration of the 10 days granted by the court, a new extension
of 15 days for the same object was asked for and granted, after which
several more extensions of time were granted without any objection from
the appellant. While the statement of the case was still under the juris-
diction of the district court, the respondent appeared before this court and
moved for the dismissal of the appeal because the second extension of time
was granted after the expiration of the first. It was held that in view of
all the circumstances and considering the present status of the case the
dismissal of the appeal should not be granted.

The facts are stated in the opinion.
Mr. Luis Freyre Barbosa for respondent.
Mr. Eugenio Benítez Castaño for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Judgment having been rendered in this case in favor
of the plaintiff by the District Court of San Juan, Section
1, on August 2, 1913, the defendant appealed therefrom to
this court on September 2, 1913.

On the 12th of the same month the defendant asked for
an extension of time of 30 days in which to file a statement
of the case. At the foot of the petition the plaintiff's attor-
ney noted an agreement that 15 days be allowed. Accord-
ing to the journal, the court granted only 10 days.

On September 27, or after the period of 10 days and within
that of 15 days, the defendant asked for a further extension
of 15 days on the ground that the stenographer had not yet
delivered to her the necessary notes. The plaintiff made no
objection and the extension was granted.

On October 10 the defendant again requested a further extension on the same ground. It does not appear that the plaintiff opposed the same and the extension was granted as follows: Eight days to file the statement of the case, counting from the date of the delivery of the stenographic notes.

Basing his motion on the foregoing facts and alleging that the district court had no authority to grant the extensions requested subsequent to September 22, 1913, when the first extension of 10 days lawfully granted had expired, the plaintiff moved the Supreme Court to dismiss the appeal on the ground that as there is no statement of the case the time allowed for the filing of the transcript of the record expired 30 days after the date of the filing of the appeal—that is, during the first part of the month of October last past.

It is manifest that, taking as a basis the agreement of the plaintiff and not the entry in the journal of the court, there is an error in the computation of the extension granted on September 12, 1913.

It might be maintained perhaps that the journal entry was amended impliedly by the action of the court in entering its order of September 27, 1913, granting the further extension asked for by the defendant. But if that theory cannot be sustained, it should be borne in mind that it appears from the record that the same party who now moves for a dismissal of the appeal was the party who through his attorney agreed to the extension of 15 days which gave rise to the error; that the said party did not oppose the granting of the subsequent extensions, and that he took no action in the trial court which still has the statement of the case under its jurisdiction; therefore we are of the opinion that considering the condition in which this case is, the dismissal of the appeal asked for should not be granted.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.